U.S. Department of Justice

United States Attorney

District of Maryland

Northern Division

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Stefan D. Cassella*<br>*Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4986*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-5130*<br>*TTY/TDD: 410-962-4462* |

January 20, 2012

David Silbiger
110 E. Lexington Street
Baltimore, Maryland 21202

      Re:    United States v. Joseph Brightman

Dear Mr. Silbiger:

      This letter, together with the Sealed Supplement, confirms the plea agreement that has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). This replaces all previous versions of the offer that have been made to the Defendant and reflects the results of negotiations between this Office and the Defendant's counsel. If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by the close of business today, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to waive indictment and plead guilty to a criminal information charging one count of tax evasion in connection with his 2007 tax return, in violation of 26 U.S.C. § 7201. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

      The Defendant willfully attempted to evade or defeat the assessment of a tax, or the payment thereof, by failing to file a tax return, that there was in fact a tax due and owing, and that

~~The Defendant willfully attempted to evade or defeat the assessment of a tax, or the payment thereof, by failing to file a tax return, that there was in fact a tax due and owing, and that~~ the Defendant engaged in affirmative act, to wit: structuring currency transactions, evidencing his intent.

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: 5 years incarceration and a $250,000 fine, together with the costs of prosecution. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court

could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

  5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

3

6.  This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

The Defendant runs a scrap metal business called Modern Junk and Salvage in Baltimore. Prior to October 2011, he also operated at a second location in Upper Marlboro, Maryland. A review by the IRS reveals that the Defendant did not file a personal income tax return for the years 2000 through 2009. He did file a timely return for 2010 after being apprised of the Government's investigation.

For the years 2007 and 2009, the IRS calculates that the Defendant had federal taxes due and owing in the amounts of $89,808 and $24,418, respectively. The Defendant does not dispute that tax is due, or that for sentencing purposes the amount due is greater than $80,000, but he reserves the right to challenge the Service's calculations in later civil proceedings.

Throughout the period from 2007 through 2010, the Defendant routinely withdrew currency from his bank account in the amounts of $9500 or $9000, as set forth in Schedule A. In 2010, these cash transactions totaled $1,527,000 for the period January - November. Conducting financial transactions involving U.S. currency in amounts just under the $10,000 currency transaction reporting requirement on a regular basis over a long period of time constitutes the offense of structuring in violation of 31 U.S.C. § 5324(a)(3).

Under the Advisory Sentencing Guidelines, § 2T1.1 and § 2T4.1(F), the Defendant's offense level is 16, based on the amount of the tax loss (including losses to the State of Maryland) being greater than $80,000 but less than $200,000.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

7.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

4

8.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. The Defendant reserves the right to request a variance under 18 U.S.C. § 3553(a).

## Obligations of the United States Attorney's Office

9.      This Office agrees that it will not file any criminal charges relating to any tax years other than those covered by the Criminal Information, and that it will not file any criminal charges relating to any violation of 31 U.S.C. § 5324. This Office also agrees to recommend a sentence within the advisory guidelines range.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of any criminal violations that this Office has agreed not to charge.

## Forfeiture

11.     The Defendant agrees to consent to the entry of an order of forfeiture in the parallel civil forfeiture case styled as *United States v. $332,426.53*, Civ. No. 11-cv-02110-RDB, in the amount of $80,000. The Defendant understands that none of the forfeited property may be used to satisfy or be credited toward the payment of any taxes, penalties or interest owed to the United States or the State of Maryland in connection with the underreporting of income for the tax years 2006 through 2010. The Defendant also understands that the balance of the defendant funds in the civil forfeiture case will debited to satisfy any outstanding tax liability, including penalties and interest, to the United States and the State of Maryland before such funds are released to the Defendant.

12.     The Defendant also represents that with the exception of liens held by financial institutions, he is unaware of any third-party interest in any of the specific assets that he has agreed to forfeit, and that he will not assist any third party in asserting a claim to the forfeited assets in the related civil forfeiture case, and that he will testify truthfully in any such proceeding.

## Payment of Taxes

13.     The Defendant agrees to pay restitution to the Internal Revenue Service and the State of Maryland in the amount owed for taxes, penalties and interest for the tax years 2000-2010. The amount of interest will be calculated by the IRS, under 26 U.S.C. § 6601 and/or 6621, as of the anticipated date of sentencing.

5

14.     If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201 (a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

14.     The Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an assessment of his tax obligation. Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization." That the Defendant also agrees to allow the contents of any criminal file pertaining to his conduct maintained by the Office of the U.S. Attorney or the Criminal Investigation Division of the IRS to be given to civil attorneys, agents, and support staff of the IRS to enable them to investigate any and all civil taxes and penalties that may be due and owing by the Defendant and/or any entity formed or controlled by the Defendant. To the extent necessary to effect this disclosure, the Defendant waives any rights he may have pursuant to Title 26, United States Code, Section 7213, and Federal Rule of Criminal Procedure 6(e), and 26 U.S.C. § 6103(h)(4).

15.     The Defendant understands that this agreement does not resolve any individual civil tax liability that he may have, and that this agreement is with the United States Attorney's Office, not with the IRS. The IRS is not a party to this agreement and remains free to pursue any and all lawful remedies it may have. The Defendant agrees, however, as a special condition of supervised release to provide a complete and accurate financial statement, under penalty of perjury, to the United States. The Defendant understands that a failure to comply with the conditions of his supervised release, including restitution, may result in revocation of his release conditions, resulting in his re-incarceration for all or part of the term of supervised release.

16.     Defendant agrees not to file any claim for refund of taxes or interest represented by any amount paid pursuant to this agreement, including the amount subject to forfeiture.

17.     Defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

18.     Nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period(s) covered by this agreement or any other time period.

### Waiver of Further Review of Forfeiture

19.     The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Waiver of Appeal

20.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

> a)      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;
>
> b)      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the term of imprisonment at the upper end of the guideline range ultimately determined by the court to be applicable, (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the term of imprisonment at the lower end of such guideline range.
>
> c)      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.
>
> d)      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter

and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

21. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

22. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

23. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Stefan D. Cassella
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____
Joseph Brightman

I am David Silbiger, attorney for the Defendant. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____
David Silbiger

9

Attachment A

Case 1:12-cr-00093-JKB   Document 7   Filed 05/22/12   Page 10 of 17

Attachment A

**Schedule of Deposits and Withdrawals**
**Wells Fargo Bank, Account # 2000040948599**
**Wells Fargo Bank, Account # 2000040947008**
**January 2010 through November 2010**

| Transaction Type | Date | Account # 599 | Account # 7008 | Notes |
|---|---|---|---|---|
| Deposit | Tuesday, January 05, 2010 | $ 93,789.18 | | *See attachment B (Line #'s 1 - 8) for detail of deposited items |
| Check payable to cash (cashed) | Tuesday, January 05, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Wednesday, January 06, 2010 | | $ 6,000.00 | |
| Check payable to cash (cashed) | Thursday, January 07, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Friday, January 08, 2010 | $ 6,000.00 | | |
| Check payable to cash (cashed) | Monday, January 11, 2010 | $ 8,000.00 | $ 4,500.00 | |
| Check payable to cash (cashed) | Tuesday, January 12, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Thursday, January 14, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Friday, January 15, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Tuesday, January 19, 2010 | $ 9,500.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Wednesday, January 20, 2010 | $ 9,500.00 | | |
| Deposit | Thursday, January 21, 2010 | $ 92,457.10 | | *See attachment B (Line #'s 9 - 17) for detail of deposited items |
| Check payable to cash (cashed) | Thursday, January 21, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Friday, January 22, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Monday, January 25, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Tuesday, January 26, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Wednesday, January 27, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Thursday, January 28, 2010 | $ 9,500.00 | $ 6,000.00 | |
| Deposit | Friday, January 29, 2010 | $ 12,260.20 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Friday, January 29, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Tuesday, February 02, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Wednesday, February 03, 2010 | | $ 8,000.00 | |
| Check payable to cash (cashed) | Thursday, February 04, 2010 | $ 8,000.00 | | |
| Deposit | Friday, February 05, 2010 | $ 129,592.13 | | *See attachment B (Line # 18 - 27) for detail of deposited items |
| Check payable to cash (cashed) | Tuesday, February 09, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Tuesday, February 16, 2010 | $ 8,000.00 | $ 4,000.00 | |
| Deposit | Thursday, February 18, 2010 | $ 12,342.40 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Thursday, February 18, 2010 | $ 8,000.00 | | |
| Deposit | Monday, February 22, 2010 | $ 116,904.44 | | *See attachment B (Line # 28 - 36) for detail of deposited items |
| Check payable to cash (cashed) | Monday, February 22, 2010 | $ 8,000.00 | $ 5,000.00 | |
| Check payable to cash (cashed) | Wednesday, February 24, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, February 25, 2010 | $ 8,000.00 | | |

## Schedule of Deposits and Withdrawals
### Wells Fargo Bank, Account # 2000040948599
### Wells Fargo Bank, Account # 2000040947008
### January 2010 through November 2010

| Transaction Type | Date | Account # 599 | Account # 7008 | Notes |
|---|---|---|---|---|
| Check payable to cash (cashed) | Friday, February 26, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Monday, March 01, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, March 02, 2010 | $ 8,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Friday, March 05, 2010 | $ 8,000.00 | | |
| Check payable to cash (cashed) | Monday, March 08, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Tuesday, March 09, 2010 | $ 9,000.00 | | |
| Deposit | Wednesday, March 10, 2010 | $ 500.00 | | Counter Deposit |
| Check payable to cash (cashed) | Wednesday, March 10, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, March 12, 2010 | $ 9,000.00 | | |
| Deposit | Monday, March 15, 2010 | $ 564,128.98 | | *See attachment B (Line # 37 - 41) for detail of deposited items |
| Check payable to cash (cashed) | Monday, March 15, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, March 16, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, March 17, 2010 | $ 9,000.00 | | |
| **Check payable to cash (cashed)** | **Thursday, March 18, 2010** | **$ 9,000.00** | | Same day |
| **Check payable to cash (cashed)** | **Thursday, March 18, 2010** | **$ 9,000.00** | **$ 8,000.00** | Same day |
| Check payable to cash (cashed) | Monday, March 22, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, March 23, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, March 24, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Deposit | Friday, March 26, 2010 | $ 14,831.93 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Friday, March 26, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, March 29, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, March 30, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Wednesday, March 31, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, April 02, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, April 05, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, April 06, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, April 07, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, April 08, 2010 | | $ 6,000.00 | |
| Check payable to cash (cashed) | Friday, April 09, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, April 12, 2010 | $ 9,000.00 | | |
| Deposit | Tuesday, April 13, 2010 | $ 15,055.26 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Tuesday, April 13, 2010 | $ 9,000.00 | | |

**Attachment A**
**Schedule of Deposits and Withdrawals**
**Wells Fargo Bank, Account # 2000040948599**
**Wells Fargo Bank, Account # 2000040947008**
**January 2010 through November 2010**

| Transaction Type | Date | Account # 599 | Account # 7008 | Notes |
|---|---|---|---|---|
| Check payable to cash (cashed) | Wednesday, April 14, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, April 15, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Deposit | Friday, April 16, 2010 | $ 130,577.24 | | *See attachment B (Line # 42 - 49) for detail of deposited items |
| Check payable to cash (cashed) | Friday, April 16, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, April 19, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, April 20, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, April 21, 2010 | | $ 6,000.00 | |
| Deposit | Thursday, April 22, 2010 | $ 41,196.50 | | *See attachment B (Line 50) for detail of deposited item |
| Check payable to cash (cashed) | Thursday, April 22, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, April 23, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, April 26, 2010 | $ 9,000.00 | | |
| Deposit | Tuesday, April 27, 2010 | $ 14,024.50 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Tuesday, April 27, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Wednesday, April 28, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, April 29, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, April 30, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, May 03, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Tuesday, May 04, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, May 05, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, May 06, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Saturday, May 08, 2010 | | $ 6,000.00 | |
| Check payable to cash (cashed) | Monday, May 10, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, May 11, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, May 12, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, May 13, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, May 14, 2010 | $ 9,000.00 | | |
| Deposit | Monday, May 17, 2010 | $ 2,619.11 | | *See attachment B (Line # 51 - 53) for detail of deposited items |
| Check payable to cash (cashed) | Monday, May 17, 2010 | $ 9,000.00 | | |
| Deposit | Tuesday, May 18, 2010 | $ 15,207.10 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Tuesday, May 18, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Thursday, May 20, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, May 21, 2010 | $ 9,000.00 | | |

Schedule of Deposits and Withdrawals
Wells Fargo Bank, Account # 2000040948599
Wells Fargo Bank, Account # 2000040947008
January 2010 through November 2010

| Transaction Type | Date | Account # 599 | Account # 7008 | Notes |
|---|---|---|---|---|
| Check payable to cash (cashed) | Monday, May 24, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, May 25, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Wednesday, May 26, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, May 28, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, June 01, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Thursday, June 03, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, June 04, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, June 07, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Wednesday, June 09, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, June 11, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Saturday, June 12, 2010 | | $ 6,000.00 | |
| Check payable to cash (cashed) | Monday, June 14, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, June 15, 2010 | $ 9,000.00 | | |
| Deposit | Wednesday, June 16, 2010 | $ 14,779.64 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Thursday, June 17, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, June 18, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Tuesday, June 22, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, June 23, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, June 24, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, June 25, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, June 28, 2010 | $ 9,000.00 | | |
| Deposit | Tuesday, June 29, 2010 | $ 13,978.80 | | Automated Credit RSR Corporation |
| Deposit | Wednesday, June 30, 2010 | $ 139,954.74 | | * See attachment B (Line # 54 - 67) for detail of deposited items |
| Check payable to cash (cashed) | Wednesday, June 30, 2010 | $ 9,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Thursday, July 01, 2010 | $ 9,000.00 | | |
| Deposit | Friday, July 02, 2010 | $ 4,405.50 | | * See attachment B (Line # 68) for detail of deposited item |
| Check payable to cash (cashed) | Tuesday, July 06, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, July 07, 2010 | $ 9,000.00 | $ 6,000.00 | |
| **Check payable to cash (cashed)** | **Friday, July 09, 2010** | **$ 9,000.00** | | Same day |
| **Check payable to cash (cashed)** | **Friday, July 09, 2010** | **$ 9,500.00** | | Same day |
| Check payable to cash (cashed) | Tuesday, July 13, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, July 15, 2010 | $ 9,000.00 | $ 6,000.00 | |

## Schedule of Deposits and Withdrawals
## Wells Fargo Bank, Account # 2000040948599
## Wells Fargo Bank, Account # 2000040947008
## January 2010 through November 2010

| Transaction Type | Date | Account # 599 | Account # 7008 | Notes |
|---|---|---|---|---|
| Check payable to cash (cashed) | Friday, July 16, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, July 19, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, July 20, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, July 22, 2010 | $ 9,000.00 | | |
| Deposit | Friday, July 23, 2010 | $ 9,913.00 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Friday, July 23, 2010 | $ 7,000.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Monday, July 26, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, July 27, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, July 28, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, July 29, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, July 30, 2010 | | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, August 02, 2010 | $ 9,000.00 | | |
| Deposit | Tuesday, August 03, 2010 | $ 123,718.46 | | * See attachment B (Line #68 - 73) for detail of deposited items |
| Check payable to cash (cashed) | Tuesday, August 03, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, August 05, 2010 | $ 9,000.00 | | |
| Deposit | Friday, August 06, 2010 | $ 8,670.00 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Friday, August 06, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, August 09, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, August 10, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, August 13, 2010 | $ 9,500.00 | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, August 16, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Tuesday, August 17, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Wednesday, August 18, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Thursday, August 19, 2010 | $ 9,500.00 | | |
| Deposit | Friday, August 20, 2010 | $ 303,559.20 | | * See attachment B (Line # 74 - 92) for detail of deposited items |
| Check payable to cash (cashed) | Friday, August 20, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Saturday, August 21, 2010 | | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, August 23, 2010 | $ 9,000.00 | | |
| Deposit | Tuesday, August 24, 2010 | $ 10,300.88 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Tuesday, August 24, 2010 | $ 9,000.00 | | |
| Deposit | Thursday, August 26, 2010 | $ 103,557.48 | | * See attachment B (Line # 93 - 96) for detail of deposited items |
| Check payable to cash (cashed) | Thursday, August 26, 2010 | $ 9,000.00 | | |

## Schedule of Deposits and Withdrawals
### Wells Fargo Bank, Account # 2000040948599
### Wells Fargo Bank, Account # 2000040947008
### January 2010 through November 2010

| Transaction Type | Date | Account # 599 | Account # 7008 | Notes |
|---|---|---|---|---|
| Check payable to cash (cashed) | Friday, August 27, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Saturday, August 28, 2010 | | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, August 30, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, August 31, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, September 01, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, September 02, 2010 | | $ 6,000.00 | |
| Check payable to cash (cashed) | Friday, September 03, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, September 07, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, September 08, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, September 09, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, September 10, 2010 | | $ 7,000.00 | |
| **Check payable to cash (cashed)** | **Monday, September 13, 2010** | **$ 9,000.00** | | Same day |
| **Check payable to cash (cashed)** | **Monday, September 13, 2010** | **$ 9,000.00** | | Same day |
| Check payable to cash (cashed) | Thursday, September 16, 2010 | $ 9,000.00 | | |
| Deposit | Friday, September 17, 2010 | $ 99,765.93 | | * See attachment B (Line # 97 - 106) for detail of deposited items |
| Check payable to cash (cashed) | Friday, September 17, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Saturday, September 18, 2010 | | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, September 20, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, September 22, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, September 23, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, September 24, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, September 27, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Check payable to cash (cashed) | Tuesday, September 28, 2010 | $ 9,000.00 | | |
| Deposit | Wednesday, September 29, 2010 | $ 49,540.91 | | * See attachment B (Line # 107-112) for detail of deposited items |
| Check payable to cash (cashed) | Wednesday, September 29, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, September 30, 2010 | $ 9,000.00 | | |
| Deposit | Friday, October 01, 2010 | $ 12,724.95 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Friday, October 01, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Saturday, October 02, 2010 | | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, October 04, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Tuesday, October 05, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, October 07, 2010 | $ 9,000.00 | | |

Schedule of Deposits and Withdrawals
Wells Fargo Bank, Account # 2000040948599
Wells Fargo Bank, Account # 2000040947008
January 2010 through November 2010

| Transaction Type | Date | Account # 599 | Account # 7008 | Notes |
|---|---|---|---|---|
| Check payable to cash (cashed) | Friday, October 08, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, October 11, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, October 13, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, October 14, 2010 | | $ 7,000.00 | |
| Check payable to cash (cashed) | Friday, October 15, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, October 18, 2010 | $ 9,000.00 | | |
| Deposit | Tuesday, October 19, 2010 | $ 101,759.47 | | * See attachment B (Line # 113-120) for detail of deposited items |
| Check payable to cash (cashed) | Tuesday, October 19, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, October 21, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Deposit | Friday, October 22, 2010 | $ 53,939.35 | | * See attachment B (Line # 121-129) for detail of deposited items |
| Check payable to cash (cashed) | Friday, October 22, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, October 25, 2010 | $ 9,000.00 | | |
| Deposit | Tuesday, October 26, 2010 | $ 13,353.24 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Tuesday, October 26, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Check payable to cash (cashed) | Wednesday, October 27, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Friday, October 29, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Monday, November 01, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Check payable to cash (cashed) | Wednesday, November 03, 2010 | $ 9,000.00 | | |
| Deposit | Friday, November 05, 2010 | $ 182,834.65 | | * See attachment B (Line # 130-144) for detail of deposited items |
| Check payable to cash (cashed) | Friday, November 05, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Check payable to cash (cashed) | Monday, November 08, 2010 | $ 9,000.00 | | |
| **Check payable to cash (cashed)** | **Wednesday, November 10, 2010** | **$ 9,000.00** | | Same Day |
| **Check payable to cash (cashed)** | **Wednesday, November 10, 2010** | **$ 9,500.00** | | Same day |
| Check payable to cash (cashed) | Friday, November 12, 2010 | | $ 7,000.00 | |
| Deposit | Monday, November 15, 2010 | $ 13,212.20 | | Automated Credit RSR Corporation |
| Check payable to cash (cashed) | Monday, November 15, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Tuesday, November 16, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Wednesday, November 17, 2010 | $ 9,000.00 | | |
| Check payable to cash (cashed) | Thursday, November 18, 2010 | $ 9,000.00 | $ 7,000.00 | |
| Deposit | Friday, November 19, 2010 | $ 85,882.36 | | * See attachment B (Line # 145-153) for detail of deposited items |
| Check payable to cash (cashed) | Monday, November 22, 2010 | $ 9,500.00 | | |
| Deposit | Tuesday, November 23, 2010 | $ 850.00 | | * See attachment B (Line # 154) for detail of deposited items |

**Schedule of Deposits and Withdrawals**
**Wells Fargo Bank, Account # 2000040948599**
**Wells Fargo Bank, Account # 2000040947008**
**January 2010 through November 2010**

| Transaction Type | Date | Account # 599 | Account # 7008 | Notes |
|---|---|---|---|---|
| Check payable to cash (cashed) | Tuesday, November 23, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Wednesday, November 24, 2010 | $ 9,500.00 | $ 6,000.00 | |
| Check payable to cash (cashed) | Friday, November 26, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Monday, November 29, 2010 | $ 9,500.00 | | |
| Check payable to cash (cashed) | Tuesday, November 30, 2010 | $ 9,500.00 | $ 7,000.00 | |
| | Total Withdrawals: | $ 1,600,000.00 | $ 312,500.00 | |